J-A27045-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT TAYLOR, | : | |
| | : | |
| Appellant | : | No. 2641 EDA 2018 |

Appeal from the PCRA Orders Entered August 23, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006115-2013
CP-51-CR-0010800-2014

BEFORE:    BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED NOVEMBER 24, 2020**

Robert Taylor (Appellant) appeals from the August 23, 2018 orders dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Also before us is a petition to withdraw filed by Appellant's counsel and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  We affirm the orders dismissing the PCRA petition and grant counsel's petition to withdraw.

We provide the following background.  On April 13, 2015, Appellant was sentenced to three years of probation following a guilty plea to insurance fraud at docket number CP-51-CR-0006115-2013 (fraud case).

*Retired Senior Judge assigned to the Superior Court.

The next day, Appellant was sentenced to 11½ to 23 months of incarceration, with 10 years of probation ran consecutively, following a guilty plea to arson, burglary, and recklessly endangering another person (REAP) at docket number CP-51-CR-0010800-2014 (arson case).

Appellant was paroled in 2015, and detained again in March 2016 when he was arrested in another matter. The trial court revoked his probation in the fraud case and arson case in June 2016. The trial court issued identical sentences at each docket, with the sentence at the arson case running concurrently to the sentence at the fraud case. The resulting sentence was 11½ to 23 months of incarceration, with credit for time served and an immediate release on parole to house arrest, followed by five years of probation.

After violating the terms of his house arrest, Appellant was detained in September 2016. On December 16, 2016, Appellant's parole and probation were revoked at both docket numbers. Once again, the trial court issued identical sentences at each docket to run concurrently to each other, resulting in a sentence of three to six years of incarceration, with credit for time served. Appellant did not file an appeal.

On April 24, 2017, Appellant filed *pro se* a PCRA petition. Robert Kimble, Esquire, was appointed as counsel, and an amended petition was

filed on March 9, 2018.[1]  On June 20, 2018, the PCRA court issued notices that it intended to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907.  No responses to the notices were filed.  The PCRA court dismissed Appellant's petition on August 23, 2018, via separate orders listing each respective docket number.[2]

---

[1] Appellant's *pro se* petition was docketed only in the fraud case.  Only the amended petition was filed at both dockets.  However, since the amended petition was filed more than a year after his judgment of sentence became final, **see** 42 Pa.C.S. § 9545(b)(1), the amended petition itself cannot be considered a timely-filed petition.  Furthermore, although the parties and the PCRA court proceeded as if Appellant's petition was filed at both dockets, jurisdiction cannot be conferred by agreement.  **Commonwealth v. Balance**, 203 A.3d 1027, 1033 (Pa. Super. 2019).

Nevertheless, we are satisfied that we may proceed.  Despite references in Appellant's *pro se* petition to crimes at both dockets, the docket number of the fraud case was handwritten on his petition in different handwriting, ostensibly by a clerk in the filing office.  Because it appears that Appellant intended the petition to be filed at both dockets, and the clerk filed his petition only in the fraud case and neglected to file it in the arson case, we conclude there was a breakdown in the judicial system, and we will treat his *pro se* petition as having been filed at both dockets.  **Cf. Commonwealth v. Braykovich**, 664 A.2d 133, 138 (Pa. Super. 1995) (holding that court may consider untimely-filed notice of appeal when clerk of courts interfered and caused a breakdown in the processes of the court).

[2] Oddly, despite there being no request to withdraw, the PCRA court's August 23, 2018 orders stated that Appellant's attorney was withdrawn.  On August 27, 2018, Appellant filed *pro se* a notice of appeal, which was docketed in this Court at 2612 EDA 2018.  Meanwhile, on August 30, 2018, the PCRA court corrected its error, and re-appointed Attorney Kimble.  Attorney Kimble then filed a praecipe to discontinue the appeal at 2612 EDA 2018, stating that it was duplicative of the instant appeal.  On October 31, 2018, this Court discontinued the appeal at 2612 EDA 2018.

J-A27045-19

On September 6, 2018, Attorney Kimble timely filed a notice of appeal on Appellant's behalf.[3] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Thereafter, Attorney Kimble sought from this Court leave to withdraw his representation of Appellant pursuant to **Turner**/**Finley**. Appellant has not responded to Attorney Kimble's petition to withdraw.

Before we may address the potential merit of Appellant's claims, we must determine if counsel has complied with the technical requirements of **Turner** and **Finley**.

---

[3] We note that the notices of appeal in the fraud case and arson case each list both docket numbers in the caption, but bear an independent time stamp with a different time of day. Despite the separate notices of appeal, this Court assigned only one appellate docket number, 2641 EDA 2018.

On June 12, 2019, this Court issued an order directing Appellant to show cause why his appeal should not be quashed pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (holding that notices of appeal filed after June 1, 2018 must be quashed if the appellant fails to file separate notices of appeal from a single order resolving issues arising on more than one lower court docket). After Appellant responded, this Court discharged the rule to show cause and referred the issue to this panel.

In reviewing this issue, we observe that the PCRA court issued separate orders at each docket, and a notice of appeal appears at each docket. The independent time stamps indicate that Appellant filed two separate notices of appeal in compliance with **Walker** and Pa.R.A.P. 341. **See Commonwealth v. Rebecca Johnson**, 236 A.3d 63, 66 (Pa. Super. 2020) (*en banc*) (determining that time stamps in different locations and/or different times of day indicate that separate notices of appeal were filed). Moreover, there is no need to quash this appeal simply because Appellant listed both docket numbers on each notice of appeal. **See Commonwealth v. Jerome Johnson**, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*) ("We should not invalidate an otherwise timely appeal based on the inclusion of multiple docket numbers, a practice that the Rules [of Appellate Procedure] themselves do not expressly forbid.").

- 4 -

… ***Turner***/***Finley*** counsel must review the case zealously. ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

If counsel fails to satisfy the foregoing technical prerequisites of ***Turner***/***Finley***, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper ***Turner***/***Finley*** request or an advocate's brief.

However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of ***Turner***/***Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007).

We are satisfied that counsel has substantially complied with the technical requirements of ***Turner*** and ***Finley***. Therefore, we conduct our own review of the merits.

According to counsel, Appellant desires appellate review of the following two issues.

A.      The … PCRA [c]ourt erred by denying relief on Appellant's claim that the sentence imposed [in the fraud case] was illegal because it exceeded the legal maximum when the time Appellant spent in custody is added to it.

B.      The … PCRA [c]ourt erred by denying relief on Appellant's claim alleging that [violation of probation (VOP)] counsel was ineffective for failing to discuss with [Appellant] the pros and cons of filing a post-sentence motion and for failing to file a post-sentence motion asserting that the sentencing court committed an abuse of discretion by imposing sentences of incarceration for technical violations of probation given that the record did not support the imposition of a sentence of three to six years' incarceration.

*Turner*/*Finley* Letter, 6/4/2019, at 5 (unnecessary capitalization omitted).

On review of orders denying PCRA relief, our standard is to determine whether the PCRA court's ruling is free of legal error and supported by the record.  *Commonwealth v. Orlando,* 156 A.3d 1274, 1280 (Pa. Super. 2017) (citation omitted).

Appellant's first issue concerns the legality of his sentence.  According to counsel, Appellant asserts that his sentence of three to six years of incarceration imposed in the fraud case is illegal because it exceeds the maximum penalty for insurance fraud, which is seven years,[4] once his time served is factored in.  *Turner*/*Finley* Letter at 6.

---

[4] Appellant is correct that the maximum permissible sentence of incarceration for insurance fraud is seven years.  *See* 18 Pa.C.S. § 4117(d) (grading insurance fraud pursuant to subsection 4117(a) as felony of third degree); *id.* at § 1103(3) (providing for a maximum sentence of not more than seven years for a felony of the third degree).

The PCRA provides relief for the "imposition of a sentence greater than the lawful maximum." 42 Pa.C.S. § 9543(a)(2)(vii). "A challenge to the trial court's failure to award credit for time served prior to sentencing involves the legality of a sentence." **Commonwealth v. Johnson**, 967 A.2d 1001, 1003 (Pa. Super. 2009). The legality of a sentence is subject to review under the PCRA if there is a timely-filed petition. **Commonwealth v. DiMatteo**, 177 A.3d 182, 192 (Pa. 2018). "Issues relating to the legality of a sentence are questions of law. As with all questions of law on appeal, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa. Super. 2013) (internal citations and quotation marks omitted).

In the instant case, Appellant was detained for a violation of his parole in the arson case in March 2016, resulting in revocation of his probation in the fraud case in June 2016, re-sentencing, and parole to house arrest. He was detained again in September 2016, for violating the terms of his house arrest, resulting in the revocation of his probation and parole at both dockets and re-sentencing in December 2016, to concurrent terms of three to six years of incarceration.

Appellant served 206 days between each detainer and the subsequent parole/probation revocation hearing and re-sentencing (*i.e.*, March to June 2016 and September to December 2016), but the trial court properly and explicitly awarded him credit for that time at each re-sentencing. **See** Order

of Sentence (fraud case), 6/21/2016, at 1; Order of Sentence (fraud case), 12/14/2016, at 1; **see also** 42 Pa.C.S. § 9760(1) ("Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal."). Thus, the time he says was added to his sentence was actually credited to his sentence.[5]

Furthermore, to the extent Appellant is arguing that he should have received credit for the time spent on house arrest, this claim has no merit. **See Commonwealth v. Kyle**, 874 A.2d 12, 18 (Pa. 2005) (holding the defendant was not entitled to credit for time spent on release pending appeal subject to electronic home monitoring because, under section 9760, "in custody" means "time spent in an institutional setting"). Similarly, Appellant is not entitled to a credit for time spent on probation. **See Commonwealth v. Infante**, 63 A.3d 358, 367 (Pa. Super. 2013) ("In the context of sentencing after probation revocation, the court must give due consideration to the time the defendant has spent serving probation, but the court is not required to credit the defendant with any time spent on

_____

[5] Even if that were not the case, the 206 days at issue would not bring the total sentence of incarceration over seven years.

probation."). Thus, we agree with counsel that there is no merit to Appellant's illegal sentencing claim.

Appellant next claims that counsel rendered ineffective assistance by failing to consult with him about the possibility of filing a post-sentence motion to challenge the probation-revocation sentence and failing to file a motion challenging the discretionary aspects of his sentence. **Turner/Finley** Letter at 9-12. In his brief in support of his amended PCRA petition, Appellant argued to the PCRA court that his sentence was "grossly disproportionate" to the "minor" and "technical" violations of probation he committed. Brief in Support of Amended PCRA Petition, 3/9/2018, at 5 (numbering supplied). He contended the trial court's determination that he was a threat to society was not supported by the record, and the trial court overemphasized his original crime of arson and did not consider the ways in which he had rehabilitated himself. **Id.** at 2-12. Appellant claimed his case was akin to **Commonwealth v. Parlente**, 823 A.2d 927 (Pa. Super. 2003), where this Court reversed a four-to-eight-years' incarceration sentence due to technical probation violations as manifestly unreasonable. Brief in Support of Amended PCRA Petition, 3/9/2018, at 7.

We use the following standard to evaluate ineffective assistance of counsel claims.

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the

> following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.
>
> The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (internal citations omitted). Appellant is required to plead and prove actual prejudice on a failure-to-consult claim and a failure-to-file claim regarding a post-sentence motion. *See Commonwealth v. Reaves*, 923 A.2d 1119, 1130 (Pa. 2007) (holding that unlike the failure to file a requested appeal, where prejudice is presumed, the failure to file a requested post-sentence motion requires a showing of actual prejudice). Prejudice in this context requires a showing that the post-sentence motion would have led to a reduction in the sentence, not that counsel's inaction negatively impacted a subsequent appeal by failing to preserve issues. *Id.* at 1131-32.

In the instant case, the record indicates that this was the second time Appellant's probation was revoked, and while he was on house arrest, which was part of the sentence he received after the first revocation, he impermissibly left the home multiple times. In other words, while his violations might be technical because he did not commit a new crime, they were not minor. The record of the sentencing hearing indicates that the trial

court reviewed a pre-sentence investigation (PSI) report, and summarized on the record the salient points from Appellant's history, demonstrating that contrary to Appellant's claim, the trial court did consider the factors Appellant claims it did not. Moreover, unlike *Parlente*, which involved probation for non-violent crimes and subsequent revocation for only minor technical violations, Appellant was on probation for crimes that pose a danger to society, including arson, burglary, and REAP, and he failed to follow the terms of his house arrest.

Under these circumstances, the trial court was within its discretion and statutory authority to re-sentence Appellant to three to six years of incarceration for arson, burglary, and REAP, to run concurrently with the same sentence for insurance fraud. Appellant's failure to abide by his house arrest while on probation and parole for a violent crime signaled to the court that it was likely that he would commit a crime if he was not imprisoned, not to mention that the sentence was essential to vindicate the authority of the court as it was Appellant's second revocation. *See* 42 Pa.C.S. § 9771(c)(2), (3) (permitting a court to revoke probation and sentence to total incarceration when "the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned" or "such a sentence is essential to vindicate the authority of the court"). As such, Appellant's claim that counsel was ineffective for failing to consult with him and file a post-sentence motion fails for lack of merit and his inability to

prove that he was prejudiced. Accordingly, we affirm the PCRA court's orders dismissing his PCRA petition, and grant counsel's petition to withdraw.

Orders affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 11/24/2020